UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/03/2024
```

FELIX GARCIA,

                          Plaintiff,

-against-

A. RODRIGUEZ; P. THORPE,

                          Defendants.

24-CV-2388 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who currently is incarcerated at Attica Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants denied him due process in a disciplinary hearing when he was incarcerated at Sing Sing Correctional Facility ("Sing Sing"). Named as defendants are (1) A. Rodriguez, Director of Special Housing/Inmate Disciplinary Program for the New York State Department of Corrections and Community Supervision; and (2) Pete Thorpe, Deputy Superintendent for Security at Sing Sing. By order dated April 1, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

**A.    Service on Defendants**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Rodriguez and Thorpe through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the

---

and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

date of this order, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is instructed to (1) issue summonses for Defendants Rodriguez and Thorpe; (2) complete a USM-285 form with the address for each defendant; (3) deliver to the U.S. Marshals Service all documents necessary to effect service; and (4) mail an information package to Plaintiff.

Local Civil Rule 33.2 applies to this case.

The Clerk of the Court is directed to mail a copy of this Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

SO ORDERED.

Dated: April 3, 2024
       White Plains, New York

NELSON S. ROMÁN
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. A. Rodriguez
   Director of Special Housing/Inmate Disciplinary Program Acting
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Bldg 2
   Albany, New York 12226-2050

2. Pete Thorpe
   Deputy Superintendent for Security
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442